NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATSY N. SAKUMA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ASSOCIATION OF APARTMENT OWNERS OF THE TROPICS AT WAIKELE, an incorporated association, by its board of directors; et al., <br><br> Defendants-Appellees. | No. 16-16791 <br><br> D.C. No. 1:16-cv-00274-DKW-KJM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Patsy N. Sakuma appeals pro se from the district court's judgment

dismissing her action alleging Racketeer Influenced and Corrupt Organizations Act

("RICO") and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any basis supported by the record, *Thomson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of Sakuma's action was proper because Sakuma failed to allege facts sufficient to state a plausible RICO claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (elements of a civil RICO claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sakuma's motion to file supplemental excerpts of record (Docket Entry No. 40) is granted and the docket reflects that the supplemental excerpts of record have been filed. All other pending requests and motions are denied.

**AFFIRMED.**